**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:  1:22-cv-20552-ALTONAGA/Torres**

**JAMES THOMPSON, III, individually**
**and on behalf of all others**
**similarly situated,**

      **Plaintiff,**

**v.**

**RYDER SYSTEM, INC.,**

      **Defendant.**

_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS**
**ACTION SETTLEMENT AND MEMORANDUM OF LAW IN SUPPORT**

Named Plaintiff, James Thompson, III ("Mr. Thompson" or "Named Plaintiff"), on behalf

of herself and a putative Settlement Class (collectively, "Plaintiffs" or "Settlement Class

Members"), pursuant to Rule 23, hereby moves this Court for an Order granting preliminary

approval to the parties' proposed Class Action Settlement Agreement and Release (the

"Agreement" or "Settlement");[1] preliminarily certifying the proposed Settlement Class for

settlement purposes only; designating Named Plaintiff as the Class Representative and his

attorneys as Class Counsel; approving the form and manner of the Notice of Settlement;

authorizing the Settlement Administrator to disseminate the Notice of Settlement to the Settlement

Class Members; setting a deadline for Settlement Class Members to opt out or object to the

proposed Settlement; and scheduling a Final Approval Hearing no earlier than 90 days after this

Court's Preliminary Approval Order.

---

[1] The Agreement is attached as Exhibit "B."  Certain defined terms contained herein shall have the
same meaning as set forth in the Agreement.

In sum, Named Plaintiff respectfully submits that the proposed Settlement is fair, reasonable, and adequate and asks that it be approved accordingly. The Settlement was reached through arm's length negotiations conducted by experienced practitioners and with the assistance of one of the country's most respected class action mediators, Hunter Hughes. Not only that, it was carefully modeled after nearly identical class action settlements recently approved by Courts in Southern District of Florida, including *Johnson v. McDonald's Corp.*, 1:21-cv-24339-FAM (S.D. Fla. Feb. 14, 2023)(ECF. No. 50) (COBRA class action settlement recently granted final approval by Judge Moreno); *Baja v. Costco*, 0:21-cv-61210-AHS (S.D. Fla. Oct. 25, 2022)(ECF. No. 56)(COBRA class action settlement recently granted final approval by Judge Singhal). The Parties' settlement here closely tracks both the *Johnson* and *Baja* settlements. Thus, it should be approved on a preliminary basis. In further support thereof, Named Plaintiff states the following:

## I.    BACKGROUND AND OVERVIEW OF MOTION.

### A.    Allegations Included in Named Plaintiff's Complaint.

This is a putative class action brought by Named Plaintiff against Defendant under 29 C.F.R. § 2590.606–4(b)(4) *et seq*. and 29 U.S.C. § 1166(a). The lawsuit generally alleges that Defendant provided Named Plaintiff and the Settlement Class Members with a deficient COBRA election notice ("COBRA Notice"). More specifically, Named Plaintiff asserts that Defendant's COBRA Notice did not adequately inform him how to exercise his rights to elect COBRA coverage because the COBRA Notice allegedly: (i) failed to include an address indicating where COBRA payments should be mailed; (ii) failed to include a physical election form; and (iii) failed to identify the plan administrator. As a result of the alleged violations in the Complaint, Named Plaintiff sought statutory penalties, injunctive relief, attorneys' fees, and costs, on behalf of himself and a putative class of all others similarly-situated during the applicable statutory period. The action was

brought on behalf of all participants and beneficiaries in the Plan who, in the four years preceding the filing of the Complaint, received the COBRA Notice as a result of a qualifying event and who did not elect COBRA coverage.

### B.     Defendant's Defenses.

Had mediation been unsuccessful, Defendant had available to it myriad defenses to Named Plaintiff's allegations.   Defendant denied, and continues to deny, that it violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 with regard to Named Plaintiff and/or any Settlement Class Member.   In fact, as part of the Agreement, Defendant specifically denies that it engaged in any wrongdoing, does not admit or concede any actual or potential fault, wrongdoing or liability in connection with any facts or claims that have been alleged against it in this case, denies that the claims asserted by Named Plaintiff are suitable for class treatment other than for settlement purposes, and Defendant denies that it has any liability whatsoever.   The Agreement and this Motion are not, and shall not, in any way be deemed to constitute an admission or evidence of any wrongdoing or liability on the part of Defendant, nor of any violation of any federal, state, or municipal statute, regulation, principle of common law or equity.   However, Defendant agreed to resolve this action through settlement because of the substantial expense of litigation, the length of time necessary to resolve the issues presented in this case, the inconveniences involved, and the potential for disruption to its business operations.

### C.     Procedural History of Case.

Plaintiff filed suit against Defendant on February 24, 2022 (Doc. 1), and an Amended Complaint on June 6, 2022.  (Doc. 17).  On June 27, 2022, Defendant filed its Motion Dismiss the First Amended Complaint.  (Doc. 20).  That Motion was denied, in part, on October 11, 2022.

(Doc. 29). In the interim, on August 30, 2022, Defendant filed a Motion to Stay Discovery. (Doc. 25). That Motion was later denied by the Court on September 7, 2022. (Doc. 28).

Plaintiff served requests for production, interrogatories, and a Fed.R.Civ.P. 30(b)(6) notice on Defendant on August 11, 2022. Additionally, Plaintiff sought and ultimately obtained written discovery, including a sworn declaration, from Defendant's COBRA Administrator, Alight Solutions. Defendant responded to Plaintiff's written discovery on October 4, 2022.

Defendant filed its Answer and Affirmative Defenses on October 25, 2022. (Doc. 30). Soon thereafter, after Plaintiff's extensive discovery efforts, counsel for both sides agreed to ask the Court to stay this case pending completion of a class wide mediation. The Court granted the Parties' Joint Motion to Stay this case on November 8, 2022. (Doc. 32). The Parties then scheduled a Zoom mediation with Hunter Hughes.

### D.   Settlement Negotiations and Mediation.

On January 23, 2023, the Parties participated in mediation with mediator Hunter Hughes, one of the country's most respected class action mediators. Soon after mediation concluded, the Parties reached an agreement in principle to resolve this matter on a class-wide basis. As a result of the agreement reached at mediation, the Parties agreed to enter into the Agreement, for which they now seek Court approval.

## II.   THE PROPOSED SETTLEMENT.

### A.   The Proposed Settlement Class.

The class includes 23,200 individuals who meet the following proposed Settlement Class definition: "All participants and beneficiaries in the Defendant's Health Plan who were sent a COBRA notice by Defendant, in the same or substantially similar form sent to Plaintiff, from

February 24, 2018 to February 24, 2022as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage."

### B. <u>Benefits to the Settlement Class and Named Plaintiff</u>.

The Agreement, if approved, will resolve all claims of Named Plaintiff and all Settlement Class Members in exchange for Defendant's agreement to pay $390,000 into the Settlement Account.  This represents a gross recovery of approximately $16.80 per Settlement Class member and a net recovery of approximately $7.50 to $10.00.  This recovery falls well within the range of reasonableness for settlement purposes. *See, e.g.*, *Johnson v. McDonald's Corp.*, 1:21-cv-24339-FAM (S.D. Fla. Feb. 14, 2023)(ECF. No. 50) ($7.00 to $10.00 net payment to class members approved in COBRA class settlement recently granted final approval by Judge Moreno); *Baja v. Costco*, 0:21-cv-61210-AHS (S.D. Fla. Oct. 25, 2022)(ECF. No. 56)($10.00 net payment approved in COBRA class settlement recently granted final approval by Judge Singhal).

From the Settlement Account will be deducted amounts for the costs of settlement administration, Class Counsel's fees, and litigation costs, resulting in the "Net Settlement Proceeds," which will be allocated among the approximately 23,200 Settlement Class Members equally on a *pro rata* basis.  No funds revert to Defendant.  Any funds that are unclaimed (which shall only arise if/when a check is mailed but then not timely cashed) shall revert to a mutually agreeable *cy pres* recipient.  The Parties have selected Legal Services of Greater Miami, a 501(c)(3) non-profit legal aid organization, and will ask the Court to approve it as the *cy pres* recipient.

The Parties negotiated the proposed Settlement on a common fund basis, meaning that the Parties' settlement offers were inclusive of all attorneys' fees and costs, and administrative

expenses.  The Parties did not negotiate attorneys' fees until after agreeing on all terms related to the size of the common settlement fund and the class definition.

      C.      **<u>Administration of Notice of Settlement</u>**.

The Parties have agreed to utilize a private, third-party vendor, American Legal Claim Services, LLC, to administer the Settlement in this case, including but not limited to distribution of the Notice of Settlement.  The Parties have also agreed that all fees and expenses charged by the Settlement Administrator shall be paid from the Settlement Account.

Within ten (10) business days of the Court's preliminary approval of the Agreement, Defendant shall provide (or shall have exercised best efforts to provide) to the Settlement Administrator a list of the full names and last known mailing addresses of each Settlement Class Member.  Moreover, within ten (10) business days after receiving the list from Defendant, the Settlement Administrator shall mail the short form Notice of Settlement, (attached hereto as Exhibit C, and as Exhibit 1 to the Agreement), by first-class U.S. Mail to all Settlement Class Members.  The short form Notice of Settlement shall apprise the Settlement Class Members of the existence of the Agreement and of the Settlement Class Members' eligibility to recover their *pro rata* portion of the Net Settlement Proceeds and will include an explanation of the "claims paid" process, as well as an explanation as to what happens if the settlement checks are not timely cashed. Namely, the uncashed funds will be made part of a donation to a mutually-agreeable *cy pres* recipient.

The Notice of Settlement also shall inform Settlement Class Members of: (1) the material terms of the Agreement; (2) their right to object and how to do so; (3) their right to exclude themselves by opting out and how to do so; (4) that they will be bound by the Agreement if they do not opt out; (5) the date, time and location of the Final Approval Hearing scheduled by the

Court (to be held at least 90 days after the Court's Order preliminarily approving the Settlement); and (6) that the Court retains the right to reschedule the Final Approval Hearing without further notice.

Similarly, the long form notice (attached hereto as Exhibit D and as Exhibit 2 to the Agreement) contains additional information carefully explaining all aspects of the Parties' proposed settlement. It will be made available on a website created by the settlement administrator devoted to the Parties' settlement on which all relevant documents will be made readily available to the class members, including, but not limited to, the Amended Complaint, the motion for preliminary and final approval, the Settlement Agreement, and Plaintiff's counsel's fee petition.

If the Court grants final approval of the settlement, Defendant will transfer designated amounts to the Settlement Account within twenty-one (21) days of the effective date of the Agreement, as defined in the Agreement, attached as Exhibit B. Settlement checks will be mailed to all Settlement Class Members within fifteen (15) days after receipt by the Settlement Administrator of the Settlement Account monies. To the extent any money remains in the Settlement Account after these distributions and after Settlement Class Members have had one-hundred eighty (180) days to cash their settlement checks, such monies shall be transferred to the *cy pres* recipient identified above.

The Notice of Settlement in this case is modeled after notices to class members approved by other federal courts in cases involving deficient COBRA notices, including in *Johnson v. McDonald's Corp.*, 1:21-cv-24339-FAM (S.D. Fla. Feb. 14, 2023)(ECF. No. 50) (COBRA class action settlement recently granted final approval by Judge Moreno); *Baja v. Costco*, 0:21-cv-61210-AHS (S.D. Fla. Oct. 25, 2022)(ECF. No. 56)(COBRA class action settlement recently granted final approval by Judge Singhal); *Vazquez v. Marriott Int'l, Inc.*, No. 8:17-cv-00116-MSS-

MAP (M.D. Fla. Feb. 27, 2020)(ECF. No. 127) (same); *Rigney v. Target Corp*., No. 8:19-cv-01432-MSS-JSS (M.D. Fla. Mar. 24, 2021), ECF Nos. 58, 59 )(same).

   **D.**      **Attorneys' Fees and Costs.**

Pursuant to the Agreement, Class Counsel is authorized to petition the Court for up to one-third of the Gross Settlement amount for attorneys' fees, plus costs.  Class Counsel will file a separate motion seeking approval for Class Counsel's fees and costs at least fourteen (14) days prior to the Settlement Class Members' deadline to opt out or object to the Settlement.  Defendant does not oppose the amount of fees and costs sought by Class Counsel, as specified above.  Neither Settlement approval nor the size of the Gross Settlement amount are contingent upon Court approval of the full amount of Class Counsel's requested fees and costs.

   **E.**      **General Release Payment.**

Named Plaintiff will also petition the Court for up to a $7,000 general release payment from the Settlement Fund.  *Baja v. Costco*, 0:21-cv-61210-AHS (S.D. Fla. Oct. 25, 2022)(ECF. No. 56)(general release payment to Named Plaintiff of $10,000 approved in deficient COBRA notice case).

   **F.**      **Class Action Fairness Act Notice.**

The settlement administrator will submit the notices required by the Class Action Fairness Act of 2005 ("CAFA") to the appropriate Federal and State officials.

**III.   MOTION FOR PRELIMINARY APPROVAL AND SUPPORTING MEMORANDUM OF LAW.**

   **A.**      **Applicable Legal Standard.**

A class may be certified "solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue." *Woodward v. NOR–AM Chem. Co*., 1996 WL 1063670 *14 (S.D. Ala. 1996), citing *In re Beef Indus. Antitrust Litig*., 607 F.2d

167, 173–78 (5th Cir.1979), cert. denied, 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1981). In *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997), the Supreme Court held that because a settlement class action obviates a trial, the district judge deciding whether to certify a settlement class action "need not inquire whether the case, if tried, would present intractable management problems," under Rule 23(b)(3)(D).

Regardless of whether a class is certified for settlement or for trial, the Court must find these prerequisites are met: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). The proposed class must also meet the requirements of one of the three class types found in Rule 23(b).  In this case, Named Plaintiff seeks to have this case certified pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

> **B.**   **The Requirements of Rule 23(a) are Met for Purposes of Approving the Proposed Settlement.**

Rule 23(a) sets forth four prerequisites for class certification: numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a). Named Plaintiff has satisfied all four requirements under Rule 23(a) for purposes of approving the proposed Settlement.

> **1.**   **Numerosity.**

While Rule 23 does not specify an exact number necessary to satisfy numerosity, the Eleventh Circuit has indicated that having more than 40 class members is generally enough to satisfy the rule.  *Klewinowski v. MFP, Inc*., No. 8:13-cv-1204-T-33TBM, 2013 U.S. Dist. LEXIS 130591, at *4 (M.D. Fla. Sept. 12, 2013) (citing *Cox v. Am. Cast Iron Pipe Co*., 784 F.2d 1546,

1553 (11th Cir. 1986)).  Here, there are approximately 23,200 members of the proposed Settlement Class. Thus, the numerosity standard is satisfied.

### 2.    Commonality.

Next, Rule 23(a)(2) requires the existence of "questions of law or fact common to the class."  Commonality is satisfied when the claims depend on a common contention, the resolution of which will bring a class-wide resolution of the claims. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011).

In this case, common questions of law and fact exist among Named Plaintiff and the proposed Settlement Class Members for purposes of approving the Settlement.  All were participants in or beneficiaries of the Plan, were sent copies of Defendant's allegedly deficient COBRA Notice(s), and did not elect COBRA continuation coverage following their receipt of that purportedly inadequate notice.  Such common issues of law and fact have been found to satisfy commonality in similar COBRA cases.  *Morris v. US Foods, Inc*., No. 8:20-CV-105-SDM-CPT, 2021 WL 2954741, at *5 (M.D. Fla. May 17, 2021); *Vazquez v. Marriott Int'l, Inc*., No. 817CV00116MSSMAP, 2018 WL 3860217, at *3 (M.D. Fla. Aug. 7, 2018) (certifying Rule 23 class in COBRA notice case and finding commonality satisfied based on same factors). Commonality is satisfied.

### 3.    Typicality.

Here, Named Plaintiff is typical of the Settlement Class members he seeks to represent, as he received the same or substantially similar COBRA Notice as the Settlement Class Members and his claims stem from that COBRA Notice. Indeed, whether a COBRA Notice provides adequate information is not based on an individual's understanding of the COBRA Notice, but rather, an objective determination of whether the Notice complies with the letter of the statute.

*Rodriguez v. Int'l Coll. of Bus. and Tech.*, 364 F.Supp.2d 40, 46 (D.P.R. 2005) ("Neither a plaintiff's actual knowledge of his rights under COBRA nor his prior COBRA related job responsibility, dispenses with a plan administrator's obligation to give the employee [proper] notification") (citing *Torres-Negron, et al. v. Ramallo Bros. Printing Inc.*, 203 F.Supp.2d 120, 124-125 (D.P.R. 2002)).

Thus, whether Defendant's contested COBRA Notice complies with the law does not depend on Named Plaintiff's personal characteristics but, rather, on whether the COBRA Notice is understandable by an average plan participant. 29 C.F.R. 2590.606-4(b)(4). This requirement has been interpreted as "an objective standard rather than requiring an inquiry into the subjective perception of the individual [plan] participants." *Wilson v. Sw. Bell Tel. Co.*, 55 F.3d 399, 407 (8th Cir. 1995). In sum, Named Plaintiff's claims are typical of all Settlement Class Members and their resolution does not depend on Named Plaintiff's personal characteristics. *Vazquez*, 2018 WL 3860217, at *4. Accordingly, Rule 23(a)(3) is also satisfied for purposes of approving the Settlement.

### 4. <u>Adequacy.</u>

The fourth requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "This requirement 'encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action.'" *Battle v. Law Offices of Charles W. McKinnon, P.L.*, 2013 U.S. Dist. LEXIS 29263, at *10 (S.D. Fla. Mar. 5, 2013) (citing *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008)).

In this case, Named Plaintiff—like each one of the Settlement Class Members—received the same or substantially similar allegedly deficient COBRA Notice from the same Defendant during the class period. Thus, Named Plaintiff and the Settlement Class Members have the exact same interest in recovering the statutory damages to which they are allegedly entitled. As such, Named Plaintiff does not have any interests antagonistic to those of the proposed Settlement Class. Indeed, Named Plaintiff's pursuit of this litigation is evidence of the same.

Likewise, the undersigned proposed Class Counsel—Brandon J. Hill, Luis A. Cabassa, and Amanda Heystek from Wenzel Fenton Cabassa, P.A., along with Chad Justice from Justice Litigation Associates, PLLC—have extensive experience litigating class actions of similar size, scope, and complexity to the instant action. Additionally, the undersigned have been appointed as class counsel in several other COBRA class action cases, including most recently in *Baja v. Costco Wholesale Corp.* 0:21-cv-61210-AHS (S.D. Fla. Dec. 20, 2022)( ECF. No. 56); *Johnson v. McDonald's Corp.*, 1:21-cv-24339-FAM (S.D. Fla. Feb. 14, 2023)(ECF. No. 50) (COBRA class action settlement recently granted final approval by Judge Moreno); *see also Hicks v. Lockheed Martin Corp, Inc.*, 8:19-cv-00261-JSM-TGW (M.D. Fla. Sept. 5, 2018) (Doc. 34). They regularly engage in major complex litigation involving employment and consumer-related claims, including cases alleging deficient COBRA notices like this. Class Counsel has the resources necessary to conduct litigation of this nature and have been appointed lead class counsel by federal courts throughout the country in more deficient COBRA notices cases than any other firms. *See generally* Declarations of Brandon J. Hill, Luis A. Cabassa, and Amanda Heystek, from Wenzel Fenton Cabassa, P.A., along with Declaration of Chad Justice from Justice Litigation Associates, PLLC.

Further, proposed Class Counsel have devoted substantial resources to claims in this lawsuit and have extensively litigated this matter. In sum, both the proposed Class Representative

and Class Counsel have dutifully prosecuted this action. Accordingly, the adequacy requirement is also met for purposes of approving the Settlement.

## C.   **The Requirements of Rule 23(b)(3) are Also Met.**

In addition to satisfying Rule 23(a), parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3). *Amchem,* 521 U.S. at 623. Here, Named Plaintiff seeks certification for the purposes of the Settlement under Rule 23(b)(3), which allows a class action to be maintained if: (1) questions of law or fact common to the class members predominate over any questions affecting only individual members; and (2) a class action is superior to other methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b)(3) for purposes of approving the Settlement.

### 1.   **Predominance.**

Rule 23(b)(3)'s predominance requirement focuses on whether the defendant's liability is common enough to be resolved on a class basis, *Dukes*, 564 U.S. at 359, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.

In the present case, the common questions identified above predominate over any individualized issues. The central issues revolve around a standardized COBRA Notice that was common to all Settlement Class Members as to the allegedly deficient provisions, whether that Notice complied with applicable statutory requirements and accompanying regulations, and whether Defendant should be required to pay statutory penalties for utilizing that allegedly deficient Notice.

In similar cases involving COBRA notices, courts have found that common issues predominated. *See, e.g., Hicks*, No. 8:19-cv-261-JSM-TGW, Doc. 34 (M.D. Fla.) (finding the

predominance requirement satisfied in COBRA notice case); *Valdivieso*, No. 8:17-cv-118-SDM-JSS, Doc. 89 (M.D. Fla.) (same); *Morris v. US Foods, Inc.*, No. 8:20-CV-105-SDM-CPT, 2021 WL 2954741, at \*6 (M.D. Fla. May 17, 2021) (same); *see also Vazquez*, 2018 WL 3860217, at \*6 ("the resolution of whether the COBRA Notice complied with the law, however, does not break into individualized inquiries; rather, it is an objective determination and central to the resolution of any claims of any purported class members. Thus, the question of individual class members' motivations is irrelevant as to Defendant's liability for the allegedly inadequate COBRA notice."). Because Defendant utilized a standardized COBRA Notice that was substantially similar in all relevant aspects with respect to all Settlement Class Members, Named Plaintiff's claims "will prevail or fail in unison," and, as such, predominance is met for settlement purposes only. *Amgen Inc.*, 568 U.S. at 460.

## 2.   **Superiority.**

Finally, the class action device is also the superior means of adjudicating this controversy because it "achieve[s] economies of time, effort and expense and promote[s] . . . uniformity of decision as to persons similarly situated." *Amchem*, 521 U.S. at 615. Actions alleging a standard course of wrongful conduct are particularly well-suited for class certification because they facilitate efficiency and uniformity.

Here, all questions necessary to determine whether—for settlement purposes—Defendant violated COBRA (and its accompanying regulations) are common to all Settlement Class Members. As such, a class action is a much more efficient use of judicial and party resources than multiple actions.  Further, absent a class action, members of the Settlement Class would almost certainly find the cost of individually litigating their claims to be prohibitive. Indeed, no other member of the proposed Settlement Class has brought any COBRA claims against Defendant, and

thus, "there is no indication that any class member wants to individually control his or her own separate action." C*alloway v. Caraco Pharm. Labs., Ltd*., 287 F.R.D. 402, 408 (E.D. Mich. 2012). In fact, many members of the proposed Settlement Class may not even be aware that Defendant has allegedly violated their rights under ERISA/COBRA's notice requirements. Where class members are unlikely to discover (and vindicate) injuries absent certification of a class, class treatment is superior to the alternatives.

In the end, because common questions predominate and a class action is the superior method for adjudicating the controversy, maintenance of this action as a class action is appropriate for purposes of approving the Settlement.

### D.    Rule 23(e) Is Also Satisfied.

After analyzing certification under Rule 23(a) and Rule 23(b)(3), when deciding whether to preliminary approval a class action settlement, Courts in this Circuit also look to whether the proposed settlement satisfies Rule 23(e).  Under Rule 23(e), Fed.R.Civ.P., "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." The Agreement satisfies the applicable standards for approval under Rule 23(e) and Eleventh Circuit case law.

Rule 23(e) requires that a settlement agreement be "fair, reasonable, and adequate" before receiving approval. The following factors must be considered before determining whether that standard has been satisfied: (a) whether the class representatives and class counsel have adequately represented the class; (b) whether the agreement was negotiated at arm's length; (c) the adequacy of the relief provided for the class; and (d) whether the proposal "treats class members equitably relative to each other." Fed. R. Civ. Proc. 23(e)(2)(A)-(D).  Clearing these standards is not a high

bar, given that "[p]ublic policy strongly favors the pretrial settlement of class action lawsuits." *In re U.S. Oil & Gas Litig.*, 967 F.2d 489, 493 (11th Cir. 1992). The Rule 23(e) factors are satisfied here. Accordingly, Named Plaintiff respectfully requests this Court grant preliminary approval of the Agreement.

<strong>1.    The Class Representative and Class Counsel Have Adequately Represented the Class.</strong>

There is no question that Named Plaintiff and the undersigned have adequately represented the class. This first Rule 23(e)(2) requirement encompasses two separate inquiries: (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action. *Battle v. Law Offices of Charles W. McKinnon, P.L.*, 2013 U.S. Dist. LEXIS 29263, at *10 (S.D. Fla. Mar. 5, 2013) (*citing Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008).

Here, the adequacy-of-representation requirement has been met. Named Plaintiff, James Thompson, is adequate given that his interests are equivalent to those of the Settlement Class. There is also no obvious conflict of interest between Named Plaintiff and the Settlement Class. Named Plaintiff has the same interest as the Settlement Class members in prosecuting his claims. He, along with Class Counsel, secured a $390,000 settlement from a highly-sophisticated Defendant in favor of the class members he seeks to represent.

With respect to Class Counsel, as demonstrated in the attached declarations, the proposed attorneys have extensive class action experience, and have been appointed as class counsel in many class action cases, including many recent COBRA class action cases. When, as here, the Parties are represented by counsel who have significant experience in class-action litigation and settlements and in ERISA cases, and no evidence of collusion or bad faith exists, the judgment of the litigants and their counsel concerning the adequacy of the settlement is entitled to deference.

*Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 532-33 (E.D. Ky. 2010) *aff'd sub nom. Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011). Thus, the proposed settlement satisfies Rule 23(e)(2)'s first component, adequacy.

## 2.   The Settlement Is the Product of Arm's Length Negotiations Between Experienced Counsel Before a Neutral Mediator.

The next Rule 23(e)(2) factor is also satisfied because the proposed Settlement is the product of arm's length negotiations that were overseen by an experienced and impartial mediator who was selected and appointed by the Court.  (Doc. 28).  This also weighs in favor of approval. *See Perez v. Asurion Corp.,* 501 F. Supp. 2d 1360, 1384 (S.D. Fla. 2007) (concluding that class settlement was not collusive in part because it was overseen by "an experienced and well-respected mediator").

The proposed Settlement, and the record in this case, show that the Agreement was the product of extensive and detailed arm's length negotiations between the Parties and their counsel. Furthermore, a settlement was only finalized after Plaintiff obtained discovery from Defendant, and from Defendant's COBRA Administrator.  Thus, the Parties and counsel were well-informed of the potential strengths and weaknesses of their positions and conducted good faith negotiations to avoid costly and protracted litigation.  Attorneys' fees were not discussed until the class members' recovery was decided upon.

Moreover, as stated above, all counsel involved in the negotiations are experienced in handling class action litigation and complex litigation and are clearly capable of assessing the strengths and weaknesses of their respective positions. *See generally* Declarations of Luis A. Cabassa and Brandon J. Hill; *see also Pierre-Val*, 2015 U.S. Dist. LEXIS at *2 ("courts should give weight to the parties' consensual decision to settle class action cases, because they and their counsel are in unique positions to assess the potential risks").  Where there "is no evidence of any

kind that the parties or their counsel have colluded or otherwise acted in bad faith in arriving at the terms of the proposed settlement … counsel's informed recommendation of the agreement is persuasive that approval is appropriate." *Strube v. American Equity Inv. Life Ins. Co.*, 226 F.R.D. 696, 703 (M.D. Fla. 2005).

### 3.    The Settlement Provides Adequate Relief to Class Members.

As detailed above, the Settlement will provide substantial relief to Settlement Class Members, satisfying the third Rule 23(e)(2) factor. The Settlement requires Defendant to pay $390,000 into a Settlement Account to resolve the claims at issue. This represents a gross recovery of approximately $16.80 per Settlement Class member and a net recovery of approximately $7.50 to $10.00.  This recovery falls well within the range of reasonableness for settlement purposes. *See, e.g.*, *Johnson v. McDonald's Corp.*, 1:21-cv-24339-FAM (S.D. Fla. Feb. 14, 2023)(ECF. No. 50) ($7.00 to $10.00 net payment to class members approved in COBRA class settlement recently granted final approval by Judge Moreno); *Baja v. Costco*, 0:21-cv-61210-AHS (S.D. Fla. Oct. 25, 2022)(ECF. No. 56)($10.00 net payment approved in COBRA class settlement recently granted final approval by Judge Singhal); *Vazquez v. Marriott Int'l, Inc*., No. 8:17-cv-00116-MSS-MAP (M.D. Fla. Feb. 27, 2020)(ECF. No. 127) (court approved class action settlement with net recovery of $10.00 net per class member in case with allegedly deficient COBRA notice); *Rigney v. Target Corp*., No. 8:19-cv-01432-MSS-JSS (M.D. Fla. Mar. 24, 2021), ECF Nos. 58, 59 (court approved class action settlement with gross recovery of $17.00 per class member in case with allegedly deficient COBRA notice). All Settlement Class members who do not opt out will share in the recovery, as they do not need to file a claim form to receive a settlement payment.

As set forth above, continuing the litigation would have been complicated, protracted, and expensive.  The risk of Named Plaintiff being unable to establish liability and damages was also

present because of the numerous defenses asserted by Defendant. Because this case settled not long after filing, Named Plaintiff had yet to survive class certification, summary judgment, and trial. Each of these phases of litigation presented serious risks, which the settlement allows Named Plaintiff and the Settlement Class Members to avoid. *See, e.g. In re Painewebber Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997) ("Litigation inherently involves risks."). Courts reviewing the issue of fairness have also favored settlements that allow even partial recovery for class members where the results of suits are uncertain. *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 952 (7th Cir. 2006) ("Risk that the class will lose should the suit go to judgment on the merits justifies a compromise that affords a lower award with certainty."); *see also In re Mexico Money Transfer Litigation*, 267 F.3d 743 (7th Cir. 2001).

The Settlement is in line with per class member settlement amounts in similar cases. Under the Parties' Agreement, the Settlement Class Members can quickly realize a portion of their possible statutory damage claims from the Settlement Account, even if the amount is less than what could have been recovered through successful litigation. Likewise, Defendant caps its exposure at less than the amounts it could owe to each Settlement Class Member if it were to lose at trial, in addition to avoiding protracted litigation and a trial which would involve significant time and expense for all Parties. Named Plaintiff supports the Settlement. Class Counsel believes the other Settlement Class Members will have a favorable reaction to the Settlement and not object to it once they have been advised of the settlement terms.

4.   **The Proposal Treats Class Members Equitably Relative to Each Other.**

The last Rule 23(e)(2) factor is satisfied because the proposed Settlement treats Settlement Class Members equitably. In fact, they are treated identically. This a "claims paid" settlement. The class members do not have to submit claim forms to receive a share of the settlement proceeds.

Rather, all Settlement Class Members who do not opt out will simply receive checks after final approval.  If settlement checks are not cashed, the Agreement provides for a donation to a *cy pres* recipient.

 **WHEREFORE**, Named Plaintiff hereby moves for this Court's preliminary approval of the Parties' class action Settlement; preliminarily certifying the proposed Settlement Class; designating Named Plaintiff as the settlement Class Representative and her attorneys as Class Counsel; approving the form and manner of class notice; authorizing the Settlement Administrator to disseminate the Notice of Settlement to the Settlement Class Members; setting a deadline to opt out or object and scheduling a final approval hearing no earlier than ninety (90) days after this Court's Preliminary Approval Order.  A proposed Order is attached as Exhibit A.

## IV. LOCAL RULE 7.1(A)(3) CERTIFICATE.

 The undersigned certifies that Plaintiff's counsel has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the Motion.  Defendant does not oppose the relief sought in this Motion.

Dated this 15th day of March, 2023.

Respectfully submitted,

**/s/ *Brandon J. Hill***          
**BRANDON J. HILL**
Florida Bar Number: 37061
**LUIS A. CABASSA**
Florida Bar Number: 053643
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
*Proposed Class Counsel and Attorneys for Named Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to counsel of record for all parties via the Court's CM/ECF filing system on this 15th day of March, 2023.

**/s/ *Brandon J. Hill***          
**BRANDON J. HILL**