# Exhibit D

## PROPOSED LONG FORM NOTICE FOR WEBSITE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.:  1:22-cv-20552-ALTONAGA/Torres**

**JAMES THOMPSON, III, individually**
**and on behalf of all others**
**similarly situated,**

  **Plaintiff,**

**v.**

**RYDER SYSTEM, INC.,**

  **Defendant.**

_____/

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND HEARING**

<u>**A court authorized this Notice.  This is not a solicitation from a lawyer**</u>.

  This **Notice of Proposed Class Action Settlement and Hearing** provides important information regarding your right to participate in or to opt out of a proposed settlement in a putative class action lawsuit (referred to in this notice as the "Settlement").  Named Plaintiff, James Thompson, III ("Plaintiff"), filed a lawsuit against Defendant, Ryder System, Inc. ("Defendant") alleging Defendant provided he and other putative class members with a notice that did not adequately inform he and the class members of how to exercise their right to elect continuation health coverage under the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA").  Plaintiff and Defendant are referred to in this notice together as the "Parties."  Defendant disputes the allegations and has asserted that the COBRA Notice complied with all applicable laws.  That case is pending in the U.S. District Court, Southern District of Florida, Miami Division.  The judge has not made any determination about who is right or wrong in the case.  A summary of the claims asserted in the lawsuit and the proposed Settlement follows below:

  • The notice at issue is referred to as a "COBRA" Notice and the continuation of health insurance coverage after separation of employment is called "COBRA continuation coverage," after the Consolidated Omnibus Budget Reconciliation Act of 1985.  The COBRA Notice is designed to provide former employees who were covered under employer sponsored group health care plans with information and details regarding their right to continue their healthcare coverage and the terms and conditions of that COBRA continuation coverage.  29 U.S.C. § 1166(a) (2), (a)(4), (c).

  • The lawsuit generally alleges Defendant provided Plaintiff and other putative class members with a deficient COBRA Notice.  More specifically, Plaintiff asserted that Defendant's COBRA Notice did not adequately inform her and the putative class how to exercise their rights to elect COBRA continuation coverage because Defendant's COBRA Notice: (i) failed to include an address indicating where COBRA payments should be mailed; (ii) failed to include a physical election form; and (iii) failed to identify the plan administrator. As a result of the alleged violations in the Complaint, Plaintiff sought statutory penalties, injunctive relief, attorneys' fees, costs and expenses on behalf of himself and all others similarly-situated.

• Defendant denies that its COBRA Notice was deficient in any manner and denies that it has any liability to Plaintiff or their putative class whatsoever. Rather, Defendant has asserted that its COBRA Notice complied with any and all relevant laws, including COBRA and the Employee Retirement Income Security Act.

• At this point in the case, the presiding judge has not made any determination about who is right or wrong. Rather, instead of proceeding with potentially years of litigation with uncertain outcomes, the parties have agreed to resolve the lawsuit through a Court-supervised settlement to avoid further cost and uncertainty.

• The Parties seek to settle this dispute on behalf of Plaintiff and a "Settlement Class," which the Parties have agreed to define as follows: "All participants and beneficiaries in the Defendant's Health Plan who were sent a COBRA notice by Defendant, in the same or substantially similar form sent to Plaintiff, from February 24, 2018 to February 24, 2022, as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage".

• Membership in the Settlement Class will be determined based upon Defendant's records reflecting who received the specific COBRA Notice at issue during the Class Period. It is estimated that the Settlement Class is comprised of 23,200 potential members.

• You received notice of this Settlement by mail which directed you to this website because Defendant's records indicate that you are a "Settlement Class Member" and eligible to receive payment from this proposed class action settlement.

• Your rights and options—and the deadlines to exercise them—are explained in this Notice. Here is a brief summary of your rights and options.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Do Nothing** | If you do nothing and the Court approves this Settlement, you will receive a settlement payment (the amount of which is described below). As a member of the Settlement Class, you will release Defendant and others from any potential liability regarding the COBRA Notice in this lawsuit only. No other claims are impacted by this lawsuit. |
| **Ask to be Excluded by _____, 2023** | If you do not want to be included in the case and the Settlement, you must take action to exclude yourself. This is called "opting out." To opt out, you must send a written opt-out request to the Settlement Administrator postmarked by _____, 2023. Your written opt-out request must (i) state the case name and; (ii) state your name, address, telephone number, and email address; and (iii) include your personal signature. If you elect to opt out, you may pursue your own individual action against Defendant for the claims raised in this case if you choose to do so. |
| **Object by _____, 2023** | If you do not like the Settlement, or any of its specific terms, you may "object." To object, you must file a written objection with the Court and send a copy of your objection to the Settlement Administrator postmarked by _____, 2023. Your written objection must (i) state the case name and number; (ii) provide the specific grounds for your objection; (iii) state whether your objection pertains to just you individually, or all or some of the proposed Settlement Class; (iv) state your name, address, telephone number, and email address; (v) state whether you intend to appear and speak at the Final Approval Hearing, either with or without your own counsel; and (vi) include your personal signature (and your counsel's signature, if you have your own representation). You may not file an objection if you opt out of the settlement. |

| Go to a Hearing on _____, 2023 | If you wish to be heard, you may attend the Final Approval Hearing and ask to speak in Court about the fairness of the Settlement. You are not required to attend the hearing. If you opt out, you may not present your opinions regarding the Settlement at the Final Approval Hearing. |
|---|---|

**The Court still has to decide whether to approve this settlement, which may take some time, as explained below**.

## Basic Information

### 1.    Why did I receive this notice?

You were sent notice by mail of this proposed Settlement because you are currently a member of the Settlement Class. Composition of the Settlement Class is based upon Defendant's records. The Notice of Settlement you received by mail directed you to the Settlement Administrator's website which provides additional information regarding this Settlement, including this more detailed Notice of Proposed Class Action Settlement and Hearing. As a current member of the Settlement Class you have a right to know about the proposed settlement of this case as a class action and about your options to participate as a Settlement Class Member, your ability to object to the Settlement terms as a class member, or to opt out of the Settlement, before the Court decides whether to grant final approval of the Settlement. If the Court approves the Settlement, and after all objections or appeals relating to that settlement are resolved, the payment provided for by the Settlement will be available to all Settlement Class Members who have not elected to opt out.

This Notice explains the lawsuit, the proposed Settlement, your legal rights, the Settlement payment and who will be eligible to receive a payment from the Settlement Account, and the basis upon which payments will be made. A copy of the Class Action Settlement Agreement (referred to in this Notice as the "Agreement") is available to Settlement Class Members on this website.

### 2.    What is the lawsuit about?

The lawsuit generally alleges Defendant provided Plaintiff and other putative class members with a deficient COBRA Notice. More specifically, Plaintiff asserted that Defendant's COBRA Notice did not adequately inform her and putative class members how to exercise their rights to elect COBRA continuation coverage because Defendant's COBRA Notice: (i) failed to include an address indicating where COBRA payments should be mailed; (ii) failed to include a physical election form; and (iii) failed to identify the plan administrator. As a result of the alleged violations in the Complaint, Plaintiff sought statutory penalties, injunctive relief, attorneys' fees, costs and expenses on behalf of himself and all others similarly-situated.

Defendant disputes the Plaintiff's allegations and denies all liability to Plaintiff and the Settlement Class. Defendant has affirmatively asserted that the COBRA Notice at issue complied with any and all applicable laws. In the lawsuit, Defendant denied Plaintiff's allegations and asserted a number of defenses. Further, Defendant has, at all relevant times, asserted that Plaintiff's claims are not appropriate for class action treatment in the absence of a settlement.

Although the Court has authorized this Notice of Proposed Class Action Settlement and Hearing, the Court has not determined or ruled upon the merits of the claims or defenses asserted by either side in the lawsuit. The Court has not found Defendant violated the law in any way. The Court has not found that the Plaintiff would prevail in this case. The Court has not made any determination that Plaintiff will recover any damages in this litigation.

3

**3.      Why is this case a class action?**

Class actions are lawsuits in which the claims and rights of many people are decided in a single proceeding.  In a class action, as here, Plaintiff ("Class Representative") seeks to assert claims on behalf of herself and all members of a putative class who received the same or substantially similar allegedly deficient COBRA Notice.  In a class action, individuals with similar claims are generally treated alike.  The Court supervises the prosecution of the class claims by Counsel for the Settlement Class ("Class Counsel") to ensure that all members of the Settlement Class are adequately and fairly represented.  Settlement Class Members are not individually responsible for the costs or fees of Class Counsel, which must be approved by the Court and which will be paid out of the Settlement Account.

**4.      Why is there a settlement?**

The Court has not decided the merits of this case in favor of the Class Representative or in favor of Defendant.  Instead, Class Counsel investigated the facts and applicable law regarding the Class Representative's claims and Defendant's defenses.  The parties engaged in lengthy and arm's-length negotiations to reach this settlement.  The Class Representative and Class Counsel believe that the proposed settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class Members.

Both sides agree that, by settling, Defendant is not admitting any liability or that Defendant did anything wrong.  Additionally, both sides want to avoid the uncertainties and expense of further litigation.

---

### Who Is Included In The Settlement

---

**5.      How do I know if I am part of the Settlement?**

You are included in the Settlement if you fit the definition of "Settlement Class" above.  If you received a notice of settlement in the mail, Defendant's records indicate you are a member of the Settlement Class.  If you are not certain as to whether you are or should be a member of the Settlement Class, you may contact the Settlement Administrator to find out (see contact information below).  In all cases, the question of Settlement Class membership will be determined based on Defendant's records.

---

### The Settlement Payment—What You May Receive

---

**6.      What does the Settlement provide?**

If you are a member of the Settlement Class, you are eligible to receive a payment under the Settlement.  Defendant has agreed to pay a total of $390,000.00 into a Settlement Account. After deducting expenses, the Settlement Account will be divided equally on a pro rata basis among all Settlement Class Members who do not opt out of the Settlement. The gross amount payable to each Settlement Class Member (assuming all potential members participate) will be approximately $16.80. However, certain deductions will be made from the Settlement Account, as approved by the Court, for each of the following: Class Counsel's attorneys' fees of up to one-third of the total settlement fund (equivalent to $129,987 in attorneys' fees) and reasonable litigation costs, the costs of settlement administration (estimated at between $60,000 and $70,000), and a $7,000 general release payment to the Named Plaintiff.  If the Court awards the amounts sought for these awards and expenses, the net amount payable to each Settlement Class Member will be approximately $7.50 to $10.00.

Each Settlement Class Member shall have sixty (60) days from the date which appears on the face of check issued to him/her to negotiate his/her settlement check.  If any funds remain in the Settlement Account after the 60-day deadline for Settlement Class Members to negotiate their settlement checks as a result of uncashed or undeliverable checks, the Settlement Administrator shall retain such funds in the Settlement Account for a period

of ten (10) business days to allow for the processing and payment of any checks that may still be in the bank's check clearing process.  Thereafter, the Settlement Administrator shall close out the Settlement Account by issuing a check for any remaining balance to the Court-approved "*cy pres*" recipient.  The Parties have asked the Court to name Legal Services of Greater Miami, a 501(c)(3) non-profit legal aid organization, as the *cy pres* recipient.

**7.     How do I receive a payment from the Settlement?**

To receive a check with your settlement payment, you do not have to do anything.  Your interest in this matter will be represented by Plaintiff as Class Representative and Class Counsel.  As a Settlement Class Member, you will be bound by the terms of the Agreement and any judgment arising from the Settlement. If the Court approves the Settlement at or after the Final Approval Hearing and you have not elected to opt out of the Settlement, you will automatically receive a settlement check for your share of the funds remaining in the Settlement Account after deduction for Court-approved awards (attorneys' fees and costs, and settlement administration costs).

**8.     When would I receive my payment?**

The Court will hold the Final Approval Hearing on _____, 2023 at _____ a.m./p.m. at the Wilkie D. Ferguson, Jr. United States Courthouse for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128, in Courtroom ___.  The hearing may be postponed to a later date so you should visit the website listed below for updates prior to the hearing date.  It may also be conducted via telephone or by Zoom due to COVID without further notice.  If the Court approves the settlement, there may be appeals or objections that must be resolved before the settlement will become effective.  Settlement payments to members of the Settlement Class will be made only if the settlement is finally approved by the Court and only after all appeals or objections are resolved.  This may take some time, so please be patient.  You may check on the status of this approval process by visiting this website www.XXXX.com.

**9.     What am I giving up to receive a payment or stay in the class?**

Upon the Court's approval of the Settlement, in exchange for their pro rata shares of the net settlement proceeds, each Settlement Class Member will be releasing Defendant, the Plan, the COBRA administrator and other administrators for the Plan, and other related entities (the "Released Parties") from the claims brought in this action with respect to the COBRA Notice sent to each Settlement Class Member at issue in Named Plaintiff's First Amended Class Action Complaint.  If approved by the Court, Named Plaintiff and all Settlement Class Members who have not opted out of the Settlement Class, shall fully and forever release, waive, acquit, and discharge each of the Released Parties from the claims in this lawsuit only.  No claims by class members for benefits under ERISA are subject to this waiver except to the extent the claim for benefits or disputed benefits relate to the alleged failure to receive a proper COBRA Notice.

**10.     Do I have to participate in the Settlement?**

No.  You may choose to be excluded from the Settlement (in other words "opt out") and you will not be bound by the Agreement or any judgment or other final disposition of the lawsuit.  If you opt out, you will retain any individual claims you may have against Defendant, and Defendant will retain any defenses it has to your claims.  To request exclusion, you must state in writing your desire to opt out and to be excluded from the Settlement Class, and see page 3 above for requirements for your opt-out request.  **Your request to opt out which will exclude you from the Settlement must be sent by first class U.S. Mail, postmarked on or before _____, 2022.  You must send your written opt out request to**:

*Thompson v. Ryder Systems, Inc.*
c/o Settlement Administrator
P.O. Box XX
Jacksonville, FL 32241-3459
(888) XXX-XXXX

**If your written opt out request is not postmarked on or before _____, 2023, your request for exclusion will be invalid**, and you will be bound by the terms of the Settlement approved by the Court, including without limitation, the terms of the Agreement and the judgment ultimately rendered in the case, and you will be barred from bringing any claims against Defendant which arise out of or relate in any way to the claims described in Section 9 above.

**11.     If I don't exclude myself, can I sue Defendant for the same thing later?**

No.  If you do not opt out of the Settlement, you will give up any right to sue Defendant for the described in Section 9 above.

**12.     If I exclude myself, will I receive any payment from this Settlement?**

No.  If you opt out and thereby exclude yourself, you are not part of the Settlement and will get no money from it.

## The Lawyers Representing the Settlement Class

**13.     Will I have a lawyer in this case?**

The Court has appointed James Thompson as the Class Representative.  The Court has also appointed as Class Counsel Brandon J. Hill, Luis A. Cabassa, and Amanda Heystek, from Wenzel Fenton Cabassa, P.A., along with Chad Justice from Justice Litigation Associates, PLLC.  Class Counsel's contact information is as follows:

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Amanda E. Heystek
WENZEL FENTON CABASSA, P.A.
1110 North Florida Ave., Suite 300
Tampa, FL 33602
(813) 224-0431
lcabassa@wfclaw.com
bhill@wfclaw.com
aheystek@wfclaw.com

Class Counsel represent the interests of all of the Settlement Class Members.  You may hire your own attorney to advise you regarding this matter and the proposed settlement if you so choose, but you are not required to do so and if you hire your own attorney, you will be responsible for paying that attorney's fees and costs.

**14.     How will Class Counsel be paid?**

Class Counsel will apply to the Court for an award of attorneys' fees, in an amount not to exceed one-third (33.33%) of the Settlement Account, which totals $129,987, plus litigation costs.  The Court may award less than the amounts Class Counsel are requesting. Costs of administration incurred by the Settlement Administrator (estimated at between $60,000 and $70,000) will also be paid from the Settlement Account.  Named Plaintiff will

6

also seek a general release payment of $7,000. The amounts approved by the Court for these fees, costs, and general release payment will be paid directly from the Settlement Account, and not by you or the other Settlement Class Members.

## Objecting to the Settlement

### 15. How do I tell the Court that I don't like the settlement?

If you decide not to opt out of the Settlement, you may still object to any aspect of the proposed Settlement by filing and serving a written objection. Your written objection must include the information listed on page 3 above.

**You must file any objection with the Clerk of the Court at the address below within sixty (60) days of the postmarked date on the Notice of Settlement that you received by mail:**

United States Courthouse for the Southern District of Florida, Miami Division
400 North Miami Avenue, Miami, Florida 33128

In any mailing to the Court, be sure to include the case number (1:22-cv-20552), and the case name (*Thompson v. Ryder System, Inc.*).

**You must also send your objection by first class U.S. Mail, postmarked on or before _____, 2023**, to the Settlement Administrator at this address:

American Legal Claims Services, LLC
P.O. Box XX
Jacksonville, FL 32241-3459

Any member of the Settlement Class who does not file and serve an objection in the time and manner described above will not be permitted to raise an objection later.

### 16. Is there a difference between objecting and opting out?

Yes. By objecting, you are simply telling the Court that you don't like something about the Settlement and would like the Settlement to be changed, but you are agreeing to be bound by the Settlement as approved by the Court. You may object <u>only</u> if you stay in the Settlement Class. If you elect to opt out of the Settlement Class, you are telling the Court that you do <u>not</u> want to be part of the Settlement. If you opt out and thereby exclude yourself from the settlement, you will have no basis to object because the lawsuit and Settlement no longer affect you or any potential claims you may have.

### 17. Where and when will the Court decide whether to approve the settlement?

The Court will hold the Final Approval Hearing on _____, 2023 at _____ a.m./p.m. at the Wilkie D. Ferguson, Jr. United States Courthouse for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128, in Courtroom ___. The hearing may be postponed to a later date so you should visit the website listed below for updates prior to the hearing date. It may also be conducted via telephone or by Zoom due to COVID without further notice. If the Court approves the settlement, there may be appeals or objections that must be resolved before the settlement will become effective. Settlement payments to members of the Settlement Class will be made only if the settlement is finally approved by the Court and only after all appeals or objections are resolved. This may take some time, so please be patient. You may check on the status of this approval process by visiting this website www.XXXX.com.

The purpose of the hearing is to determine the fairness, reasonableness, and adequacy of the terms of the Settlement; whether the Settlement Class is adequately represented by the Class Representative and Class Counsel; and whether an order and final judgment should be entered approving the proposed settlement.  The Court also will consider Class Counsel's application for an award of attorneys' fees and expenses, and the Named Plaintiff's request for a general release payment.

You will be represented at the Final Approval Hearing by Class Counsel, unless you choose to enter an appearance in person or through your own attorney.  The appearance of your own attorney is not necessary to participate in the Final Approval Hearing.  Again, should you choose to engage your own attorney, it will be at your own expense.

## 18.    Do I have to come to the Final Approval Hearing?

No.  Class Counsel will represent the Settlement Class Members at the Final Approval Hearing, but you are welcome to attend the hearing at your own expense.  If you file an objection, you do not have to come to Court to talk about it.  As long as you filed and mailed your written objection on time, the Court will consider it.  You may also pay your own attorney to attend, if you wish.

## 19.    May I speak at the Final Approval Hearing?

You may ask the Court for permission to speak at the Final Approval Hearing.  If you intend to attend and speak at the Final Approval Hearing, you must state this in your objection.

## Getting More Information

## 20.    Are there more details about the Settlement?

For more details regarding the lawsuit or the Settlement, you may refer to the papers filed in this case during regular business hours at the Clerk of the Court's office, United States Courthouse for the Southern District of Florida, Miami Division, 400 North Miami Avenue, Miami, Florida 33128.

You may also access papers filed in this case on-line through the Public Access to Court Electronic Records ("PACER") service at www.pacer.gov; however, you may need to create an account and certain fees may apply.  You may also obtain a copy of the full Settlement Agreement and certain papers filed in this case by sending a written request to the Settlement Administrator, at the address above.  You may also access the full Settlement Agreement and certain court filings in this case on this website www.XXXX.com.

## 21.    How may I get more information?

You may contact the Settlement Administrator or Class Counsel.  Mailing addresses and phone numbers for each are listed below.

Settlement Administrator: American Legal Claims Services, LLC, P.O. Box XX, Jacksonville, FL 32241-3459, (888) XXX-XXXX.

Class Counsel: Luis A. Cabassa, Esq. and Brandon J. Hill, Esq., Wenzel Fenton Cabassa, P.A., 1110 N. Florida Ave., Suite 300, Tampa, Florida 33602, (813) 244-0431.