UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-20552-CIV-ALTONAGA/Torres

**JAMES THOMPSON, III**, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

**RYDER SYSTEM, INC.**,

    Defendant.
_____/

**ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

This matter is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. The Court has carefully considered the Motion, the proposed Class Action Settlement Agreement (the "Agreement"), the proposed Notices of Settlement, and the declarations submitted in support of the Motion. Being fully advised, the Court now finds and hereby **GRANTS** the Motion and **ORDERS** as follows:

    1.    All defined terms contained herein shall have the same meaning as set forth in the Agreement executed by the Parties and filed with the Court.

    2.    Plaintiff alleges that Defendant violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Defendant denies Plaintiff's allegations and is not admitting liability.

    3.    The Court has jurisdiction over the subject matter of the Action, the Class Representative, the Settlement Class Members and Defendant. Additionally, both the Named

CASE NO.: 22-20552-CIV-ALTONAGA

Plaintiff and the class members have sufficient standing for purposes of settlement. Jurisdiction is retained by the Court for matters arising out of the Agreement.

4. The Court preliminarily approves the Settlement and the terms set forth in the Agreement, subject to further consideration at a Final Approval Hearing after Settlement Class Members have had an opportunity to consider the Agreement and to object to the Settlement.

5. Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, for settlement purposes only, the following Settlement Class:

> All participants and beneficiaries in the Defendant's Health Plan who were sent a COBRA notice by Defendant, in the same or substantially similar form sent to Plaintiff, from February 24, 2018 to February 24, 2022, as a result of a qualifying event, as determined by Defendant's records, and did not elect continuation coverage (referenced herein as the "Settlement Class").

6. The Court finds that, for settlement purposes, the Settlement Class meets the criteria for certification under Federal Rule of Civil Procedure 23(a). The class consists of approximately 23,200 persons. Thus, the class is sufficiently numerous, and joinder of all potential class members is impractical. For settlement purposes only, there are also questions of law and fact common to the Settlement Class with respect to the sufficiency of the COBRA Notice. In that regard, Named Plaintiff's claims are typical of the claims of the Settlement Class. Finally, Named Plaintiff and his counsel have fairly and adequately represented the interests of the Settlement Class.

7. The Court further finds that, for settlement purposes, the Settlement Class meets the criteria for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Prosecuting separate actions by individual Settlement Class Members would create a risk of inconsistent or varying adjudications with respect to individual Settlement Class Members that

CASE NO.: 22-20552-CIV-ALTONAGA

would establish incompatible standards of conduct for Defendant and would create a risk of adjudications with respect to individual Settlement Class Members that, as a practical matter, would be dispositive of the interests of other Settlement Class Members and would substantially impair or impede their ability to protect their interests.

8. Brandon J. Hill, Luis A. Cabassa, and Amanda Heystek, from Wenzel Fenton Cabassa, P.A., along with Chad Justice from Justice Litigation Associates, PLLC, are appointed as Class Counsel for the Settlement Class.

9. Named Plaintiff, James Thompson, is appointed Class Representative for the Settlement Class.

10. The Court finds on a preliminary basis that the terms of the proposed Settlement are fair, reasonable, and adequate. The Court further finds that the proposed Settlement is the result of arm's-length negotiations, and with the assistance of a class action mediator.

11. The Court therefore grants preliminary approval of the proposed Settlement.

12. More specifically, the Court finds and concludes that the Notices of Settlement, both the short form notice that will be mailed to Settlement Class Members, and the long form notice that will be made available on the Settlement Administrator's website, attached as Exhibit 1 and Exhibit 2 to the Agreement, and the procedures set forth in the Agreement for providing notice to the Settlement Class, satisfy the notice requirements of Rule 23, adequately advise Settlement Class Members of their rights under the Agreement, and meet the requirements of due process. The Notices of Settlement fairly, plainly, accurately, and reasonably provide Settlement Class Members with all required information, including (among other things): (1) a summary of the Action; (2) a clear definition of the Settlement Class; (3) a

CASE NO.: 22-20552-CIV-ALTONAGA

description of the material terms of the Settlement; (4) a disclosure of the release of claims; (5) instructions as to how to opt out or object to the Settlement and a date by which Settlement Class Members must do so; (6) the date, time, and location of the Final Approval Hearing; (7) contact information for the Settlement Administrator; (8) the website address for the Settlement website and the toll-free telephone number that Settlement Class Members may call for further information; and (9) the amount that Class Counsel may seek in attorneys' fees and costs, and the costs of administration.

13. The proposed plan for mailing the short form Notices of Settlement by first class U.S. Mail to the Settlement Class Members is an appropriate method, reasonably designed to reach those individuals who would be bound by the Settlement. The short form Notice of Settlement will direct the Settlement Class Members to the Settlement website which will then provide access to additional information, including the long form Notice of Settlement. Accordingly, the Court approves the Notices of Settlement, attached as Exhibit 1 and Exhibit 2 to the Settlement Agreement, and the manner of distributing the Notices of Settlement to the Settlement Class.

14. Any Settlement Class Member who wishes to object to the Settlement must file a timely written statement of objection with the Clerk of Court and mail a copy of the objection to the Settlement Administrator (at the address provided in the Notice of Settlement), postmarked no later than 60 days after the Class Notice Date. The statement of objection must state the case name and number; specify the basis for the objection; state whether it applies only to the objector, to a specific subset of the class, or the entire class; provide the name, address, telephone number, and email address of the Settlement Class Member making the

CASE NO.: 22-20552-CIV-ALTONAGA

objection; and indicate whether the Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel. In addition, any statement of objection must be personally signed by the Settlement Class Member and, if represented by counsel, then also by counsel. Any Settlement Class Member who fails to timely object to the Settlement in the manner specified above shall be deemed to have waived any objections to the Settlement and shall be foreclosed from making any objections, whether by appeal or otherwise, to the Settlement.

15. Class Counsel's motion for attorneys' fees and costs must be filed at least 14 (fourteen) days prior to the objection deadline for class members.

16. The final approval motion shall be filed no later than ten (10) days prior to the date of the Final Approval Hearing, and in the final approval motion, Class Counsel shall address any timely submitted objections to the Settlement.

17. The Court will conduct a Final Approval Hearing on **June 16, 2023, at 9:00 a.m**. in Courtroom 13-3, Wilkie D. Ferguson Building, Miami, Florida, which is not less than 90 days from today, to determine whether the Settlement is fair, reasonable, and adequate and if final approval should be granted; whether any objections to the Settlement should be overruled; and whether Class Counsel's motion for attorneys' fees and costs should be granted.

**DONE AND ORDERED** this 16th day of March, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record